[Cite as *Riddle v. Ohio Dept. of Transp.*, 2011-Ohio-4801.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JUSTIN M. RIDDLE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-03481-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}  1)  Plaintiff, Justin Riddle, filed a complaint against defendant, Department of Transportation (ODOT), alleging that he suffered damage to two wheels on his vehicle as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 161 in New Albany.  Plaintiff stated he hit a pothole that "due to the sun could not be seen until it was to late.  Both my front right & rear tires hit the pothole causing both rims to be bent." Plaintiff recalled the incident occurred on February 8, 2011 at approximately 9:12 a.m.  Plaintiff seeks damages in the amount of $431.39, the stated cost of repairing the rims and a wheel alignment.  The filing fee was paid.

{¶2}  2)  Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact the Village of New Albany and not ODOT bears the maintenance responsibility for the roadway where plaintiff's incident occurred.  In support of the request to dismiss, ODOT stated, "[d]efendant has performed an investigation of this site and the Village of New Albany takes care of this section of SR

161." ODOT further stated, "[a]s such this section of roadway is not within the maintenance jurisdiction of the defendant." Consequently, defendant contended the Village of New Albany is the proper party defendant to plaintiff's action. The site of the damage-causing incident was located in the Village of New Albany.

{¶3} 3) Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶4} Ohio Revised Code Section 5501.31 in pertinent part states:

{¶5} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director, but he may construct, reconstruct, widen, resurface, maintain, and repair the same with or without the cooperation of any municipal corporation, or with or without the cooperation of boards of county commissioners upon each municipal corporation consenting thereto."

{¶6} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JUSTIN M. RIDDLE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-03481-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's case is DISMISSED. Court costs are assessed against plaintiff.

                                    _____

                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:

Justin M. Riddle
6111 Carlatun Street
Westerville, Ohio 43081

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
5/12
Filed 6/17/11
Sent to S.C. reporter 9/21/11